UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-24300-CIV-WILLIAMS / TORRES

JEYSSON D. LOPEZ, and other similarly )
situated individuals, )
                                       )
              Plaintiff(s), )
                                       )
v. )
                                       )
CARPACCIO, INC., )
                                       )
              Defendant. )
                                       )

**JOINT MOTION FOR APPROVAL OF FLSA
SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, JEYSSON D. LOPEZ ("Plaintiff"), and Defendant, CARPACCIO, INC. ("Defendant") (collectively "the Parties"), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. In support the parties state as follows:

**I.     Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First, 29 U.S.C. 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also*

1

*Sculte, Inc. v. Gandi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature. The Parties jointly represent to this Honorable Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to properly evaluate the Parties' claims and defenses and make recommendations regarding the resolution of this matter. The settlement agreement being provided to the Court includes every term and condition of the Parties' settlement of Plaintiff's FLSA wage claim.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed unpaid wages and wrongful termination and damages potentially available to Plaintiff. The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendant discussed, at length, the Plaintiff's alleged unpaid wages, pay rate, the applicability of defenses, evidence in support of the Parties'

respective claims and defenses, the calculation of damages, and the applicable statute of limitations. After doing so, the Parties formulated their proposed settlement figures. The Parties then engaged in detailed and extensive settlement discussions based upon their calculations, including a settlement conference before this Court. Contemporaneously, the Parties engaged in informal discovery to narrow the issues before any substantial litigation ensued. The Parties then voluntarily agreed to the terms of their settlement at the conclusion of their negotiations. The Parties have consented to the jurisdiction of the Magistrate Judge.

## II.     Terms of Settlement

This case involves a claim for alleged unpaid minimum wage and overtime wages as well as a claim for alleged retaliatory discharge of employment. The Parties had several in depth discussions regarding damages and exchanged detailed information concerning the Plaintiff's status, as well as the Plaintiff's pay, hours worked, and time records. The Parties agree that they would incur great expense litigating these issues. Given the amount claimed and the possibility of the Plaintiff recovering nothing, the Parties agree have agreed that the settlement represents a fair compromise under the teachings of *Lynn's Food Stores*.

Plaintiff's attorney's fees and costs have been negotiated and will be paid separately from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered in attorneys' fees and costs is fair and reasonable, and that counsel accepts this in full satisfaction of the attorneys' fees and costs incurred on the Plaintiff's behalf in connection with his FLSA claims. Additionally, the Magistrate Judge previously determined the attorneys' fees to be fair and reasonable at the settlement conference in this matter. The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### **III**.    **Conclusion**

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, dismiss the instant action with prejudice, and retain jurisdiction to enforce the settlement Agreement for four (4) months. A proposed order approving the settlement is attached hereto.

Dated: April 3, 2019                                Respectfully Submitted,

*/s/ Harris Nizel*
HARRIS NIZEL (Florida Bar No.: 0807931)
Email: harris@nizel.com
Nizel Law, P.A.
4700 Sheridan St., Suite J
Hollywood, FL 33021
Telephone: (954) 653-8300
*Co-Counsel for Plaintiff*

/s/ **Angel Castillo, Jr.**
ANGEL CASTILLO, JR.
Florida Bar No. 273465
DLD LAWYERS
DEMAHY LABRADOR & DRAKE, P.A.
806 Douglas Road, 12th Floor
Coral Gables, FL 33134
Tel.: (305) 443-4850
Fax: (305) 443-5960
Email: acastillo@dldlawyers.com
*Attorneys for Defendant*